## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE No.:   08-80330-Civ-RYSKAMP/VITUNAC

VITACOST.COM, INC.,

      Plaintiff,

v.

AEROGROW INTERNATIONAL, INC.,

      Defendant.

### ANSWER

Defendant, AeroGrow International, Inc  ("AeroGrow"), by and through its attorneys, hereby answers and otherwise responds to the Complaint of Plaintiff Vitacost.com, Inc  ("Vitacost") as follows:

### FIRST DEFENSE – FED. R. CIV. P. 8(b)

### INTRODUCTION

1.     AeroGrow admits that Vitacost purports to seek damages in excess of $15,000 exclusive of interest, costs, and attorneys' fees, but denies that Vitacost is entitled to any relief in this action.

2.     AeroGrow is without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint and on that basis denies the same.

3.     AeroGrow admits the first three sentences of Paragraph 3 of the Complaint, but denies that it currently sells product through Vitacost.  With respect to the remainder of Paragraph 3, AeroGrow admits that it has sold products to residents in the

State of Florida and that it maintains a website over which such products are available for purchase by the residents of the State of Florida, including Palm Beach County.

    4.      Paragraph 4 of the Complaint contains legal conclusions to which no response is required. AeroGrow admits that it has sold products to residents in the State of Florida and that it maintains a website over which such products are available for purchase by the residents of the State of Florida, including Palm Beach County.

    5.      AeroGrow admits that its AeroGarden products are available for sale by retailers in Palm Beach County.

### FACTUAL BACKGROUND

    6.      AeroGrow is without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint and on that basis denies the same. AeroGrow notes that Vitacost contacted AeroGrow in 2006 regarding the sale of AeroGrow products. AeroGrow denies that it was aware that Vitacost was a discount website.

    7.      AeroGrow admits that it communicated with Vitacost on May 4, 2007 regarding terms of sale and pricing, but denies that it "agreed to open a new account" with Vitacost and the remaining allegations set forth in Paragraph 7 of the Complaint.

    8.      AeroGrow admits that it received a credit application from Vitacost on or about May 24, 2007. AeroGrow is without sufficient information to admit or deny the remaining allegations of Paragraph 8 of the Complaint and on that basis denies the same.

    9.      AeroGrow admits that Vitacost submitted a purchase order for the referenced AeroGarden products (among other items) on or about July 27, 2007 and was charged the referenced prices. AeroGrow admits that its Vice President of Sales, Jeff Brainard, previously advised Vitacost that AeroGrow maintains a Minimum Advertised

- 2 -

Price ("MAP") policy, which prohibits advertising AeroGrow products at prices below minimum prices unilaterally set by AeroGrow. The MAP policy addresses advertised prices only, not sales prices. AeroGrow's MAP policy stated: "AeroGrow will assign to each of the Products a Suggested Retail Price and a Minimum Advertised Price... The Minimum Advertised Price reflects AeroGrow's unilateral determination that to permit retailers to advertise the sale of Products below such price will erode AeroGrow's quality distribution systems and superior product image, and will encourage 'free riding' on the service and investment of other AeroGrow retailers. Therefore, all advertisements for the Products may not offer the Products for sale for less than the Minimum Advertised Price." AeroGrow advised Vitacost of its MAP prices of $149.95 for the plastic AeroGardens and $169.95 for the stainless pro version. AeroGrow denies the remainder of the allegations set forth in Paragraph 9 of the Complaint.

10. AeroGrow is without sufficient information to admit or deny the allegations of the first sentence of Paragraph 10 and on that basis denies same. AeroGrow denies the remaining allegations of Paragraph 10 of the Complaint.

11. AeroGrow is without sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint and on that basis denies the same.

12. AeroGrow admits that on September 18, 2007, it became aware that Vitacost was violating AeroGrow's MAP policy by advertising prices on AeroGardens that were 10% below MAP prices. AeroGrow is without sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint and on that basis denies the same.

13. AeroGrow admits that on or about September 19, 2007, Vitacost was advised that its advertised prices on AeroGarden products were in violation of

AeroGrow's MAP policy. AeroGrow denies the remaining allegations of Paragraph 13 of the Complaint

14.     AeroGrow is without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint and on that basis denies the same.

15.     AeroGrow admits that Vitacost was advised that free shipping was not a violation of AeroGrow's MAP policy, and that shipping costs could be reimbursed up to 5% of a product's cost pursuant to AeroGrow's co-op advertising program if the reseller obtained prior co-op approval and otherwise complied with AeroGrow's MAP policy. AeroGrow admits that it fulfilled Vitacost orders in early October 2007. AeroGrow denies the remaining allegations of Paragraph 15 of the Complaint.

16.     AeroGrow denies that it ever agreed to reimburse Vitacost for shipping costs. AeroGrow admits that it refused to allow Vitacost to offer the free book with AeroGrow products. AeroGrow denies the remaining allegations of Paragraph 16 of the Complaint.

17.     AeroGrow is without sufficient information to admit or deny the allegations of the first sentence of Paragraph 17 of the Complaint and on that basis denies the same. AeroGrow denies the remaining allegations of Paragraph 17.

18.     AeroGrow admits that Vitacost submitted a purchase order for the referenced AeroGarden products on December 6, 2007.

19.     AeroGrow admits that on or about December 10, 2007, Vitacost was advised that AeroGrow would not fulfill Vitacost's outstanding orders due to Vitacost's failure to abide by AeroGrow's distribution policies expressed in its MAP guidelines.

20.    AeroGrow admits that Mr. Gorsek contacted Mr. Bissonnette, but denies the remaining allegations of Paragraph 20 of the Complaint or is without sufficient information to admit or deny and on that basis denies the same.

21    AeroGrow admits that Vitacost's advertised offer of the free seed kit violated AeroGrow's MAP policy, which stated that "[r]etailers who advertise give-aways or discounts on merchandise in connection with the purchase of a Product shall be deemed to have violated this Policy if the price of the Product, minus the market value of the advertised give-away or discount, is less than the Minimum Advertised Price." AeroGrow denies the remaining allegations of Paragraph 21 of the Complaint.

### COUNT 1 – PROMISSORY ESTOPPEL

22.    AeroGrow incorporates herein by reference each and every paragraph above as if set forth here in full.

23.    AeroGrow denies the allegations of Paragraph 23 of the Complaint.

24.    AeroGrow denies the allegations of Paragraph 24 of the Complaint.

25.    AeroGrow denies the allegations of Paragraph 25 of the Complaint or is without sufficient information to admit or deny and on that basis denies the same.

26.    Paragraph 26 of the Complaint contains legal conclusions to which no response is required. AeroGrow denies any remaining allegations of Paragraph 26 of the Complaint.

### COUNT 2 – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

27.    AeroGrow incorporates herein by reference each and every paragraph above as if set forth here in full.

28.    Paragraph 28 of the Complaint contains legal conclusions to which no response is required.

29.     AeroGrow denies the allegations in Paragraph 29 of the Complaint or is without sufficient information to admit or deny the allegations and on that basis denies the same.

30.     AeroGrow admits that Vitacost advertised prices in violation of AeroGrow's MAP policy. AeroGrow denies the remaining allegations of Paragraph 30 of the Complaint or is without sufficient information to admit or deny and on that basis denies the same.

31.     AeroGrow admits that it advised Vitacost of AeroGrow's MAP policy, which stated: "AeroGrow will assign to each of the Products a Suggested Retail Price and a Minimum Advertised Price ...The Minimum Advertised Price reflects AeroGrow's unilateral determination that to permit retailers to advertise the sale of Products below such price will erode AeroGrow's quality distribution systems and superior product image, and will encourage 'free riding' on the service and investment of other AeroGrow retailers. Therefore, all advertisements for the Products may not offer the Products for sale for less than the Minimum Advertised Price." AeroGrow admits that it stopped doing business with Vitacost as a result of Vitacost's failure to comply with AeroGrow's policies and has confirmed the prudence of that decision based on an assessment of Vitacost's business methods and practices. AeroGrow denies the remaining allegations of Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint contains legal conclusions to which no response is required. AeroGrow denies any remaining allegations of Paragraph 32 of the Complaint.

33.     AeroGrow denies the allegations of Paragraph 33 of the Complaint or is without sufficient information to admit or deny and on that basis denies same.

## COUNT 3 – MISREPRESENTATION OF MATERIAL FACT

34    AeroGrow incorporates herein by reference each and every paragraph above as if set forth here in full.

35.    AeroGrow admits that there were no written contracts between AeroGrow and Vitacost; the companies did business on a purchase order-by-purchase order basis. AeroGrow denies the remaining allegations of Paragraph 35 of the Complaint

36    AeroGrow admits that Vitacost was aware from the outset that AeroGrow had a MAP policy. AeroGrow denies the remaining allegations of Paragraph 36 of the Complaint, and specifically denies that there was any "re-sellers [sic] agreement."

37.    AeroGrow admits that it "unilaterally" decided to stop selling products to Vitacost, but denies the remaining allegations of Paragraph 37 of the Complaint.

## COUNT 4 – EQUITABLE ESTOPPEL

38.    AeroGrow incorporates herein by reference each and every paragraph above as if set forth here in full.

39.    AeroGrow denies the allegations of Paragraph 39 of the Complaint or is without sufficient information to admit or deny and on that basis denies the same.

40    AeroGrow denies the allegations of Paragraph 40 of the Complaint

41.    AeroGrow admits that Vitacost's advertised offer of a free seed kit violated AeroGrow's MAP policy, which stated that "[r]etailers who advertise give-aways or discounts on merchandise in connection with the purchase of Product shall be deemed to have violated this Policy if the price of the Product, minus the market value of the advertised give-away or discount, is less than the Minimum Advertised Price." AeroGrow admits that it stopped doing business with Vitacost as a result of Vitacost's failure to comply with AeroGrow's policies and has confirmed the prudence of that

decision based on an assessment of Vitacost's business methods and practices. AeroGrow denies the remaining allegations of Paragraph 41 of the Complaint.

42.    AeroGrow denies the allegations of Paragraph 42 of the Complaint.

## COUNT 5 – DAMAGES FOR FLORIDA ANTITRUST VIOLATIONS

43.    AeroGrow incorporates herein by reference each and every paragraph above as if set forth here in full.

44.    Paragraph 44 contains legal conclusions to which no response is required.

45.    AeroGrow denies the allegations of Paragraph 45 of the Complaint.

46.    AeroGrow denies the allegations of Paragraph 46 of the Complaint.

47.    Paragraph 47 contains legal conclusions to which no response is required. AeroGrow denies any remaining allegations of Paragraph 47 of the Complaint.

48.    AeroGrow denies the allegations of Paragraph 48 of the Complaint.

## COUNT 6 – AEROGROW'S MAP POLICY IS IN VIOLATION OF THE FLORIDA ANTITRUST STATUTES AND SHOULD BE DEEMED UNENFORCEABLE

49.    AeroGrow incorporates herein by reference each and every paragraph above as if set forth here in full.

50.    Paragraph 50 contains legal conclusions to which no response is required.

51.    Paragraph 51 contains legal conclusions to which no response is required. AeroGrow denies any remaining allegations of Paragraph 51 of the Complaint.

52.    AeroGrow denies the allegations of Paragraph 52 of the Complaint.

## PRAYER FOR RELIEF

To the extent that the Complaint's prayer for relief makes any allegations, AeroGrow denies those allegations. AeroGrow denies that Vitacost is entitled to any relief in this action.

\*       \*       \*

Any claim, allegation, characterization, and/or statement in Plaintiff's Complaint heretofore neither expressly admitted nor denied, is hereby expressly denied.

## SECOND DEFENSE – FED. R. CIV. P. 12(b)(6)

Vitacost fails to state any claim upon which relief can be granted under any theory. Briefing will be submitted for judgment on the pleadings.

## THIRD DEFENSE – FAILURE OF CONSIDERATION

Vitacost's claims are barred by a failure of consideration – AeroGrow fulfilled all purchase orders submitted by Vitacost and accepted by AeroGrow.

## FOURTH DEFENSE – FAILURE TO MITIGATE

Vitacost's claims are barred by a failure to mitigate damages – AeroGrow offered to accept and fulfill all outstanding orders submitted for AeroGrow products that had been placed with Vitacost by Vitacost customers (for which Vitacost now seeks damages), but Vitacost declined and filed this lawsuit.

## FIFTH DEFENSE – FRAUD

Vitacost's claims are barred by fraud. Vitacost was aware of AeroGrow's MAP policy, but failed to inform AeroGrow that Vitacost never intended to comply with the MAP policy. Vitacost withheld from AeroGrow that Vitacost is a serial litigant which regularly sues suppliers. AeroGrow is a publicly-traded corporation and would not have done business with Vitacost had it known these and other facts only recently discovered about Vitacost.

## SIXTH DEFENSE – UNCLEAN HANDS

Vitacost brings this action with unclean hands by using the process of this Court for improper business purposes. Vitacost knew that AeroGrow would not sell to Vitacost

if Vitacost violated AeroGrow's MAP policy, yet Vitacost violated that policy and now seeks an order from the Court requiring AeroGrow to sell to Vitacost. In addition, AeroGrow offered to fulfill all outstanding Vitacost orders by Vitacost customers (for which Vitacost now seeks damages), but Vitacost declined and filed this lawsuit.

<b>SEVENTH DEFENSE – SET-OFF</b>

Vitacost's claims are subject to a set-off for any unpaid invoices for products delivered to Vitacost in fulfillment of purchase orders from Vitacost.

<b>EIGHTH DEFENSE – WAIVER AND ESTOPPEL</b>

Vitacost's claims are barred by waiver and estoppel – Vitacost admits that it was aware of AeroGrow's MAP policy, but refused to comply. In addition, AeroGrow offered to fulfill all outstanding Vitacost orders by Vitacost customers (for which Vitacost now seeks damages), but Vitacost declined. Vitacost has waived, and/or should be estopped from seeking, any purported damages resulting from its refusal to comply with AeroGrow's policies and refusal to allow AeroGrow to fulfill any outstanding customer orders.

<b>NINTH DEFENSE – STATUTE OF FRAUDS/PAROL EVIDENCE</b>

Vitacost's claims are barred by the statute of frauds and/or parol evidence rule – Vitacost claims damages for purported agreements and understandings that did not exist and/or were not properly reduced to writing.

<b>TENTH DEFENSE – ACCORD AND SATISFACTION</b>

Vitacost's claims are barred by accord and satisfaction as AeroGrow has fulfilled all obligations and agreements.

## ELEVENTH DEFENSE – PUBLIC POLICY

Vitacost's prayer for an order requiring AeroGrow to do business with Vitacost violates and is barred by public policy permitting companies to do business with whomever they choose

## TWELFTH DEFENSE

AeroGrow reserves the right to present additional affirmative defenses and/or responses and/or counterclaims as such matters are revealed during the course of the litigation.

Respectfully submitted,

MCCABE RABIN, P.A.

   s/ Ryon M. McCabe
Ryon M. McCabe (0009075)
rmccabe@mccaberabin.com
Trump Plaza Office Center
525 S. Flagler Drive, Suite 200
West Palm Beach, Florida 33401
Phone:  561-659-7878
Fax:  561-659-7876

*Counsel for Defendant AeroGrow*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April  7 , 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Ryon M. McCabe
Ryon M. McCabe (0009075)

## SERVICE LIST

### VITACOST.COM, INC., v. AEROGROW INTERNATIONAL, INC.
### CASE No.:  08-80330-Civ-RYSKAMP/VITUNAC

#### United States District Court, Southern District of Florida

Ryon M. McCabe (0009075)
rmccabe@mccaberabin.com
Trump Plaza Office Center
525 S. Flagler Drive, Suite 200
West Palm Beach, Florida 33401
Phone:  561-659-7878
Fax:  561-659-7876

*Counsel for Defendant AeroGrow*

Ira P. Kerker, Esquire
ikerker@aol.com
5400 Broken Sound Boulevard NW
Suite 500
Boca Raton, Florida 33487
Phone:  561-752-8888 X276
Fax:  561-443-2627

*Counsel for Plaintiff Vitacost.com, Inc.*